[Cite as *State v. Tingley*, 2016-Ohio-8528.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                           Court of Appeals No. OT-16-003

    Appellee                                        Trial Court No. CRB 1500403 A

v.

Jeremy G. Tingley                                **DECISION AND JUDGMENT**

    Appellant                                       Decided:  December 30, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
David R. Boldt, Assistant Prosecuting Attorney, for appellee.

Amanda A. Krzystan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jeremy Tingley, appeals the January 14, 2016 judgment of the

Ottawa County Municipal Court convicting him of domestic violence in violation of R.C.

2919.25(A), a misdemeanor of the first degree.  Finding no error on record, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

I. APPELLANT'S CONVICTION OF DOMESTIC VIOLENCE WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

II. THE COURT ERRED IN FINDING THE TESTIMONY OF THE ALLEGED VICTIM CREDIBLE WITHOUT CORROBORATING EVIDENCE.

## Background Facts

{¶ 3} On May 12, 2015, appellant became upset with his wife (the victim) for a text message she had sent to her cousin (the witness). The message allegedly revealed the wife's past or current infidelity, and the couple bickered and fought throughout the day.

{¶ 4} Appellant decided he wanted to leave the house. He began searching for keys and money. The victim testified she was the only one with access to their money. She stated appellant repeatedly demanded the keys and money, and that she refused to give appellant all of the money but maintained she did not know the whereabouts of his keys. She stated she wanted to keep some of the money for herself and children, and that appellant grew more aggressive in his demands.

{¶ 5} During the altercation, the victim was live streaming video conference with the witness. The victim stated she did this for protection because she "felt [appellant] was going to get even more aggressive" and "wanted a witness."

2.

{¶ 6} The witness testified about her observations. She confirmed that the victim had not been the aggressor, that appellant destroyed the house in his search, and that the victim said "don't head-butt me" at a moment when the screen went blank.

{¶ 7} Although the victim disagreed with the witness's timeline, the victim also asserted appellant not only head-butted her, but also gave her a bear-hug and attempted to grab her drainage tube in efforts to injure her further.

{¶ 8} After the altercation became physical, appellant left the house and called police. He did not travel far, took the couple's 14-year-old son with him, and returned in time to meet the authorities. The victim stated she called the sheriff but not 911, and the witness testified that the victim requested a call be placed to the police while they were video conferencing. However, the record supported appellant was the sole caller that evening.

{¶ 9} The couple's minor son also testified to what he observed. He stated he heard the commotion throughout the day, and that he knew his father was angry over his mother's alleged infidelity. He did, however, imply he believed his mother was acting antagonistically and that he observed no bruises or other signs of physical abuse on her that day.

{¶ 10} Mother's testimony confirmed her son was not happy with her actions, and that she may not have had any signs of the abuse she suffered from that day.

{¶ 11} While police were at the residence responding, appellant returned and was arrested for domestic violence. The arresting officer testified that he did not see signs of

3.

physical abuse on the victim, but he did confirm that the house was in disarray and that his investigation led to appellant being arrested for domestic violence.

{¶ 12} Appellant was charged for violating R.C. 2919.25(A), a misdemeanor of the first degree. Appellant proceeded to bench trial and was found guilty. He was sentenced to 180 days incarceration, 150 of which were suspended, and a two-year probation sanction. The judgment was journalized January 14, 2016, and timely notice of appeal was filed February 1, 2016. It is from this judgment appellant now appeals.

**Assignment of Error No. 1**

{¶ 13} In the first assignment of error, appellant argues the only supporting evidence for his conviction was self-serving statements from the victim. Appellee contends the conviction is amply supported by the record.

{¶ 14} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio-6048, 943 N.E.2d 1092, ¶ 48 (6th Dist.).

4.

{¶ 15} R.C. 2919.25(A) provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."

{¶ 16} R.C. 2901.22(B) states "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

{¶ 17} Here, the victim was married to and residing with appellant. The victim testified that appellant head-butted her, bear hugged her, and attempted to rip a drainage tube out of her stomach. She said the tube was held in her body by stitches and that she knew appellant intended to inflict harm when he pulled on it because he said, "I am going to pull the mother fucker out. I hate you so much."

{¶ 18} The victim's cousin also testified to hearing an excited utterance from the victim as the victim was head-butted by appellant. The witness said she heard, "no, you are not getting my phone," and then, "don't head-butt me." The witness claimed this occurred while she was observing the couple's commotion by way of video conference.

{¶ 19} Lastly, the son's and officer's testimony corroborated the date of the incident, as well as the condition of the home. The officer also implied there was sufficient cause to arrest appellant for domestic violence based on his investigation.

{¶ 20} Accordingly, we hold the greater amount of credible evidence supports appellant's conviction and the first assignment of error is not well-taken.

5.

## Assignment of Error No. 2

{¶ 21} In the second assignment of error, appellant argues the victim's testimony was not sufficiently credible to support his conviction absent corroborating evidence. Appellee contends there was corroborating evidence on record and that the court nonetheless did not err in finding the victim's testimony credible.

{¶ 22} Determinations of a witness's credibility is a function of the trier of fact that is given substantial deference on review. *See State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of syllabus. "The appellate court must accept the trial court's findings of fact provided that they are supported by competent, credible evidence." *State v. Gregg*, 6th Dist. Huron No. H-06-030, 2007-Ohio-4611, ¶ 8.

{¶ 23} Here, although the witness and victim had inconsistencies in their testimony and timelines, we cannot say the court erred in finding the victim's testimony credible, as this credibility determination must be given due deference.

{¶ 24} Accordingly, appellant's second assignment of error is not well-taken.

## Conclusion

{¶ 25} For the foregoing reasons, the judgment of the Ottawa County Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         

                                        
_____

Arlene Singer, J.                                             JUDGE

Thomas J. Osowik, J.         
CONCUR.                                   
_____
JUDGE

_____
JUDGE